UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY JONES, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-16024** |
| **MID SOUTH MECHANICAL CONTRACTORS, INC., ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Partial Summary Judgment on the Issue of Vicarious Liability (Doc. 34). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

Plaintiff Larry Jones worked for Defendant Mid-South Mechanical Contractors, Inc. ("Mid-South") as a Field Operations Manager on the renovation of Howard Elementary School in New Orleans. On May 8, 2014, David Herin, an owner of Mid-South and project manager at the Howard site, directed Plaintiff to fire employee Joseph Huval. Plaintiff alleges that Herin was aware of Huval's criminal past, propensity for violence, and tendency to exhibit aggressive behavior. When Plaintiff informed Huval that he was fired, Huval refused to leave and antagonized and provoked Plaintiff. Plaintiff then contacted Herin for assistance. He alleges that upon arriving at the scene,

Herin failed to diffuse the situation and instead attempted to hit Huval with a tape measurer. When Plaintiff tried to prevent the altercation, Huval struck him in the head, knocking him out. He suffered a brain injury and neck injury as a result of this incident, ultimately necessitating a cervical fusion. He alleges that Mid-South is vicariously liable for the actions of Huval. Plaintiff has filed a Motion for Partial Summary Judgment on the issue of vicarious liability. Defendant opposes.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Plaintiff ask the Court to find that Defendant Mid-South is vicariously liable for the actions of Joseph Huval. Under Louisiana law, vicarious liability for intentional torts is governed by the standard articulated in *LeBrane v. Lewis*, 292 So. 2d 216 (La. 1974). There, the Louisiana Supreme Court found that an employer was vicariously liable for the intentional tort of a supervisory employee who stabbed a former co-employee during a dispute that arose out of the supervisor's firing of the co-employee. In reaching this conclusion, the court considered the following factors:

> (1) whether the tortious act was primarily employment rooted;
> (2) whether the act was reasonably incidental to the performance of the employee's duties;
> (3) whether the act occurred on the employer's premises; and
> (4) whether it occurred during the hours of employment.

---

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

All four factors need not be present for liability to be imposed on an employer.[9] Additionally, an employer is not vicariously liable merely because his employee commits an intentional tort on the employer's premises during working hours.[10] "The particular facts of each case must be analyzed to determine whether the employee's tortious conduct was within the course and scope of his employment."[11]

Plaintiff has moved for summary judgment, arguing that there is no genuine issue of material fact precluding a finding that Defendant is vicariously liable for Huval's actions. The parties agree that factors three and four are undisputed; however, they disagree as to whether factors one and two are satisfied. Defendant argues that vicarious liability cannot be found because (1) Huval was fired prior to committing the tortious act in question and (2) that his actions were personally motivated. The Court will address each of these arguments in turn.

## I. Whether Huval was Terminated Prior to the Encounter in Question is Not Dispositive to the Issue of Vicarious Liability

Defendant argues that a finding of vicarious liability is precluded because Huval was fired before the tortious conduct took place. Plaintiff responds in opposition, arguing that the timing of Huval's firing is not dispositive of the issue. The Court agrees. Other courts, including another section of this Court, have found that tortious conduct that takes place after an employee is terminated can be considered to be within the course and scope of employment where the tortious conduct is part of a single transaction

---

[9] *Baumeister v. Plunkett*, 673 So.2d 994, 997 (La. 1996).
[10] *Id.*
[11] *Id.*

4

beginning during the period of employment.[12] The basic facts surrounding Huval's termination are not in dispute. Plaintiff informed Huval that he would terminated for failure to perform, at which point Huval responded violently. Plaintiff called his supervisor David Herin for assistance. When Herin arrived, Huval spat in his mouth and punched Jones in his head, knocking him out. The exact point at which Huval's employment ended is immaterial, as the tortious conduct was part of the continuous process of termination. This transaction could only be found to be employment rooted.

## II. It is Beyond Genuine Dispute that Huval's Actions were Employment Rooted

Defendant next argues that Huval's actions were personally motivated, precluding a finding of vicarious liability. In support of this contention, Defendant points to the deposition testimony of Don Herin, wherein he indicates that there was an altercation between Huval and Plaintiff on the day preceding Huval's termination. Defendant argues, somewhat perplexingly, that this evidence indicates that the dispute was personally motivated. The Court finds that this testimony actually further supports Plaintiff's contention that the altercation surrounding the termination was employment rooted, as it appears that the prior day's confrontation was also employment rooted. Regardless, there is no record evidence from which a reasonable finder of fact could conclude that an altercations surrounding the termination of this employee was anything but employment rooted.

---

[12] *West v. Rieth*, 152 F. Supp. 3d. 538, 548 (E.D. La. 2015) (finding that alleged tortious conduct committed weeks after employee was terminated could relate back to the period of employment for purposes of vicarious liability where it is part of a transaction that began during the period of employment); *See also Cowart v. Lakewood Quarters Ltd. Partnership*, 961 So. 2d 1212, 1215 (La. App. 1 Cir. 2007) (suggesting that tortious action may be within the course and scope of employment beyond the technical end of employment).

Courts presented with similar factual situations have found likewise. The Court finds the case of *Carnes v. Wilson* to be particularly instructive.[13] There, as here, a subordinate employee struck a superior after the superior criticized his work.[14] The court of appeal, in affirming the trial court's granting of summary judgment in favor of the plaintiff, noted that "the obvious reason for the physical attack on [plaintiff] was that it was in direct response to the complaints [plaintiff] had made regarding [the tortfeasor's] job performance."[15] Additionally, the *Carnes* plaintiff had a history of complaining about the quality of the tortfeasor's work. Here, the fact that Huval and Plaintiff previously had a rocky workplace relationship does not take the altercation outside of the sphere of employment. There is no record evidence indicating that the two had any relationship outside of the workplace. Accordingly, the Court finds that altercation was employment rooted.

The Court also finds that the dispute was reasonably incidental to the performance of the employee's duties. In *Cowart v. Lakewood Quarters Ltd. Partnership*, the plaintiff was assaulted by a subordinate she was attempting to terminate.[16] In finding the employer vicariously liable, the court noted that "her duties implicitly included being counseled by her superiors regarding complaints about her job performance and the actions to be taken as a result of those complaints."[17] Here, Huval was in the process of receiving such criticism when he stuck Plaintiff. The tort was therefore reasonably incidental to the performance of his duties.

---

[13] 118 So. 3d 1275 (La. App. 2 Cir. 2013).
[14] *Id*. at 1278.
[15] *Id*.
[16] *Cowart v. Lakewood Quarters Ltd. P'ship*, 961 So. 2d 1212, 1215 (La. App. 1 Cir. 2007).
[17] *Id*.

Accordingly, having found the *Lebrane* factors satisfied, the Court finds that Plaintiff is entitled to summary judgment on the issue of vicarious liability.

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Partial Summary Judgment is **GRANTED**.

New Orleans, Louisiana this 31st day of July, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**